UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DANIEL RILEY, | ) |
| | ) |
|    Petitioner | ) |
| | ) 1:07-cr-00189-GZS-1 |
| v. | ) 1:12-cv-00047-GZS |
| | ) |
| USA, | ) |
| | ) |
|    Respondent | ) |

## ORDER[1] ON DEFENDANT'S MOTION
## TO APPOINT COUNSEL TO PETITIONER
### (ECF No. 9)

The attorney for the Government has filed a motion requesting that the Court appoint counsel to represent Daniel Riley on the pending Section 2255 motion filed by Riley, pro se. As the Government points out in its motion, the issues presented in the 188-page petition lack clarity and they range from attacks on the Court's jurisdiction to allegations of vast conspiracies to challenges alleging ineffective assistance of trial counsel. Clearly the Court has authority to appoint counsel at any stage of a Section 2255 proceeding under 18 U.S.C. § 3006A, if it is in the interests of justice to do so and the petitioner otherwise qualifies to have counsel appointed. In this case I would seriously consider a request to appoint counsel, if petitioner sought such appointment by the Court.

However, rather than joining in the Government's request, Riley objects to the motion and makes three distinct points: (1) he does not want to be represented by an attorney; (2) he is financially ineligible to have counsel appointed because of a substantial inheritance he received

---

[1]     I am aware that Riley has not consented to proceed before a Magistrate Judge. (Petition, ECF No. 1.) This matter has been referred to me pursuant to Rule 8(b) of the Rules Governing Section 2255 Proceedings and 28 U.S.C. § 636(b) and any final recommendation I may make will receive de novo review by the district court judge on the Petitioner's request. Furthermore, nondispositive orders may be appealed to the district court judge pursuant to the applicable rules of procedure.

on November 2, 2011;  and (3) his attached outline explains the parameters of the six claims he has actually asserted.

As Riley points out in his memorandum, traditionally the Supreme Court of the United States has held there is no constitutional right to counsel in a collateral proceeding, such as a Section 2255 motion, and thus ineffective assistance of counsel at such a proceeding is not the basis for relief in federal court.  Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); see also Coleman v. Thompson, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings.  Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.") (citation omitted); Martinez v. Ryan, 132 S. Ct. 1309, 1318 (2012) (holding narrowly, in the Section 2254 context, that "when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim" where counsel was ineffective in failing to raise the claim in the "initial-review collateral proceeding").  A constitutional analysis is not needed in this Section 2255 proceeding because even in the absence of a constitutional right to counsel I am willing to appoint counsel to assist with Riley's pursuit of ineffective assistance claims involving trial and/or appellate counsel, pursuant to my statutory authority to do so, if Riley qualifies and if he wants counsel to represent him.

Riley's objection, however, makes plain that he does not want counsel to represent him.  I want to make clear to Riley that the fact that he has inherited some funds does not necessarily disqualify him from obtaining a CJA attorney if he wants to submit a financial affidavit and have it reviewed by the Court.  And, of course, if he has inherited a vast sum of money he is free to

hire his own attorney or not. By the same token, I am not inclined, in the context of this Section 2255 petition, to force an attorney upon Riley. I will give him one last opportunity to consider this question and require that he notify the Court, in writing, by July 1, 2012, whether he has decided to waive any rights he might have in connection with obtaining the assistance of an attorney at this stage of the proceeding. I fear Riley may have misconstrued the plain language of Rule 4(b) of the Rules Governing Section 2255 Proceedings. A screening decision that results in an order to answer being directed to the Government does not mean that the claims are "meritorious on their face." (Objection at 2, ECF No. 11.) The rule provides: "If it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]" The fact that a motion is not dismissed upon initial review does not imply that it is meritorious. After expanded review, the Court may determine whether or not to hold an evidentiary hearing under Rule 8 of the Rules Governing Section 2255 Proceedings. If it were to do so, the hearing would in all probability be related to claims of ineffective assistance of counsel, about which it is too early to determine whether or not a hearing is even necessary.

In order to expedite and allow this case to move forward in an orderly manner I will now enter the following Order:

(1) If Riley's response to the Court by July 1, 2012, indicates he is waiving all statutory rights to counsel in the pending proceeding, the Government's response to the pending petition will be due by September 1, 2012;

(2) If Riley's response to the Court by July 1, 2012, indicates he does not elect to proceed with counsel's assistance, Riley will be limited to the six claims[2] he has

---

[2] Those six claims consist of two claims of ineffective assistance of counsel pertaining to two separate attorneys, a claim related to jurisdiction, a claim related to separation of powers, a claim related to denial of a right

outlined in the exhibit accompanying his objection to the motion to have counsel appointed;

(3) To the extent Riley's petition seeks leave to conduct discovery it is DENIED under Rule 6 of the Rules Governing Section 2255 Proceedings;

(4) In the event Riley indicates to the Court by July 1, 2012, that he does want counsel assigned, all dates set forth in this Order will be suspended and a new schedule established once counsel has been assigned. If counsel appears in the case, the issues under consideration may be subject to amendment, as well as the discovery requests;

(5) The entry on the pending motion for appointment will be "ruling reserved," but if Riley fails to respond to this Order or responds indicating he has knowingly waived his right to counsel by July 1, 2012, the pending motion will be denied;

(6) If Riley responds by requesting that CJA counsel be assigned, I will review the accompanying affidavit that must be submitted, along with a prisoner trust account summary, and determine whether or not to assign counsel.

*So Ordered.*
June 11, 2012                    /s/ Margaret J. Kravchuk
                                 U.S. Magistrate Judge

---

to self-representation, and finally a claim related to threatened witnesses. The Government is not required to respond to any other claims that may arguably have been asserted in the 188-page document.