UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DANIEL RILEY, | ) |
| | ) |
|     Petitioner | ) |
| | ) |
| v. | ) 1:12-cv-00047-GZS |
| | ) 1:07-cr-00189-GZS |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent | ) |

**ORDER**

Petitioner Daniel Riley has filed a motion to recuse the entire New Hampshire United States Attorney's Office from continuing to appear on behalf of the United States in this pending Section 2255 civil case. The basis of Riley's motion appears to be that Riley has filed a <u>Bivens</u> lawsuit naming as defendants three members or former members of the New Hampshire United States Attorney's Office. (ECF No. 24.) The Government has objected to the motion for recusal, offering the following explanation:

> On May 7, 2012, petitioner filed a <u>Bivens</u> action against former United States Attorney Thomas Colantuono, current United States Attorney John P. Kacavas, and Assistant United States Attorney Seth Aframe alleging numerous claims against the three defendants. <u>Riley v.Colantuono, et al</u>., 1:12-cv-175-MML, Docket Entry ("DE") 1 (D.N.H. May 7, 2012). After the Bivens action was filed, the Office of General Counsel for the Executive Office of the United States Attorneys was consulted as to AUSA Aframe's continued representation of the United States in the instant action. The General Counsel advised that Aframe's recusal was not required, but in an abundance of caution the United States Attorney for the District of New Hampshire should consider assigning the case to a different AUSA. The General Counsel also advised that recusal of the entire office was not necessary. The United States Attorney accepted the advice, walled-off AUSA Aframe, and assigned responsibility for the case to the undersigned AUSA. The undersigned filed an appearance on August 10, 2012. <u>Riley v. United States</u>, 1:12-cv-47-01-GZS, DE 23. AUSA Aframe has been walled-off from any participation or activity in the instant litigation.

(Objection at 1-2, ECF No. 25 (footnotes omitted)).  I have reviewed the parties' submissions and I now deny the motion for recusal because Riley has not shown a legal basis for recusal of the entire New Hampshire United States Attorney's Office.

**Legal Standard**

Disqualification of an Assistant United States Attorney based on a conflict of interest requires the movant to meet a demanding standard, most frequently by showing actual prejudice. United States v. Heldt, 668 F.2d 1238, 1277 & n. 80 (D.C. Cir. 1981).  There must be a "very strong" reason for the Court to interfere with a prosecutor's own professional discretion in terms of making a determination that the prosecutor is disqualified.  United States v. Santiago-Rodriguez, 993 F. Supp. 31, 38 (D. P.R. 1998) (quoting Heldt).  Riley has not made that kind of showing in this case.

The New Hampshire Office undertook reasonable steps in light of Riley's pending Bivens action.  They conferred with DOJ to ascertain national policy.  The assistant actually named as a defendant in the Bivens action withdrew from this action even though his withdrawal may not have been legally necessary.  While Riley and the United States are clearly adversaries in the underlying criminal action and in this Section 2255 proceeding, there is no reason to exclude every member of the office, including an assistant who appears to have had only a minimal role in the underlying prosecution, if any role at all, from defending this Section 2255 proceeding.  I therefore deny the motion for recusal.

CERTIFICATE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

*So Ordered.*
September 10, 2012        /s/ Margaret J. Kravchuk
                          U.S. Magistrate Judge