UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| DANIEL RILEY, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 1:12-CV-00047-GZS |
| | ) | 1:07-CR-00189-GZS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**ORDER REGARDING SUPPLEMENTAL OBJECTIONS**

Before the Court are Petitioner's Supplement to His Objection (ECF No. 41), which was filed on February 25, 2013, and Petitioner's Second Supplement to Objection (ECF No. 42), which was filed on March 7, 2013 (together, the "Supplemental Objections"). Having reviewed these objections *de novo* and alternatively considered each as a motion seeking reconsideration, the Court hereby DENIES Petitioner's Supplemental Objections.

By way of procedural background, on February 14, 2013, the Court granted Petitioner's Motion seeking a 60-day extension of the time period in which to file objections to the January 28, 2013 Recommended Decision. (See 2/14/2013 Endorsement Order.) In this Motion, Riley indicated that he had only received the Recommended Decision on February 5, 2013 and could not prepare and file his objection by February 14, 2013. Nonetheless, fearing that the Court had not or would not grant him an extension, on February 14, 2013, Riley mailed a 23-page Objection to the Recommended Decision (ECF No. 39), which was filed on February 22, 2013. Believing that this Objection was filed pursuant to the Court's prior extension, the Court proceeded to conduct a *de novo* review of Petitioner's request for relief under 28 U.S.C. § 2255 and then entered its Order Affirming the Recommended Decision (ECF No. 40).

Since the docketing of this decision, the Court has received Petitioner's Supplemental Objections (ECF Nos. 41 & 42); both of which Petitioner apparently mailed prior to his receipt of the Court's February 25, 2013 Order. In this latest supplement (ECF No. 42), Petitioner does

acknowledge that he received the Court's Endorsement Order granting him an extension on February 21, 2013.  As a result, he indicates that he may continue to file supplemental objections up until April 15, 2013.  Contrary to Petitioner's indication, nothing in the Court's February 14, 2013 Endorsement Order allows Petitioner to continually file additional supplemental objections until April 15, 2013.  The Court notes that Petitioner has already filed and the Court has reviewed objections that exceed 36 pages (ECF Nos. 39, 41 & 42), and Petitioner has not sought or received permission to file objections in excess of the default 25-page limit.

Turning to the merits of the Supplemental Objections, the Court concludes that none of the arguments presented would provide a basis for the Court to reconsider its February 25, 2013 Order Affirming the Recommended Decision.  Additionally, on *de novo* review of the supplemental objections, together with the entire record, the Court concludes it would reach the same decision stated in its February 25, 2013 Order.  Thus, regardless of whether the Supplemental Objections are viewed as timely filed objections or a motion to reconsider the Court's Order Affirming the Recommended Decision, the Court's decision remains the same.

Upon review of the Supplemental Objections, the Court also stands by its earlier decision that no certificate of appealability should enter if Petitioner files a notice of appeal.  However, the Court also hereby instructs Petitioner that if he intends to attempt to appeal the Court's decision in this matter, he would be well-advised to focus his efforts on ensuring that he files a timely appeal in accordance with Federal Rule of Appellate Procedure 4(a).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 13th day of March, 2013.